IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00277-BNB

DANIEL ALLAN SCHNEIDER,

    Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,
JIM STADLER, DOC Liaison,
GEORGE KLEBAC, DOC Liaison,
RICHARD MacNEILLY, DOC P. Officer,
AVOLON PHEONIX [sic] CENTER, DOC Placement Center,
MARY, Director,
MR. SULLIVAN, Director,
MS. MAGEN, Director,
JESSICA SCHLOMER, Assistant Director,
JEFF STALEY, Head of Case Management,
CHIEF OF SECURITY,
MOE M., Staff,
JANE DOE, Case Manager,
MS. TRISH, Case Manager,
TOM, Case Manager,
SAM B., and
STEVE RAY VAUGHEN, Inmate,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Daniel Allan Schneider, a State of Colorado prisoner, filed a *pro se* pleading titled, "Motion to Re-open," on May 8, 2008. The Court must construe the Motion liberally because Mr. Schneider is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Mr. Schneider's Motion, which was filed more than ten days after the Judgment was entered, will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice after Mr. Schneider failed within the time allowed to cure the deficiencies noted in Magistrate Judge Boyd N. Boland's February 8, 2008, Order. Upon consideration of the Motion and the entire file, the Court finds that Mr. Schneider fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Although Mr. Schneider asserts that he was housed at a different facility and did not receive the Court's February 8, 2008, Order directing him to cure the deficiency in his 28 U.S.C. § 1915 Motion and Affidavit, the copy of the Court's Order was sent to the address Plaintiff provided to the Court and was not returned to the Court as undeliverable. Furthermore, Mr. Schneider is responsible pursuant to Rule 10.1M. of the Local Rules of Practice of the United States District Court for the District

of Colorado-Civil, to notify the Court of a new address within ten days of any change of address.

The Court will not reopen this action to allow Mr. Schneider another opportunity to cure the deficiency. Therefore, the Motion will be denied. Mr. Schneider is reminded that, because the instant action was dismissed without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Motion, (Doc. No. 7), filed May 8, 2008, is construed as a Motion to Reconsider, pursuant to Fed. R. Civ. P. 60(b), and is denied.

DATED at Denver, Colorado, this 16 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00277-BNB

Daniel Allan Schneider
Prisoner No. 98291
1102 E. Ave. C
Bismark, ND 58501

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/19/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk